# Wythebille

## H. B. ODOM v. SINCLAIR REFINING COMPANY.

June 8, 1942.

Record No. 2546.

Present, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Louis B. Fine*, for the plaintiff in error.

*William L. Parker*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This litigation arises out of a lease by Odom of a certain filling station to Sinclair Refining Company and a license agreement by the latter to Odom whereby he was to sell the products of the refining company.

Odom instituted this action against the refining company for certain alleged rentals of the filling station aggregating $881.64 which was arrived at by computing the number of gallons sold at one cent a gallon in accordance with the lease. The defendant contended that under the license agreement Odom was to pay it for the right to sell its products one cent for each gallon, and that the amount due Odom as rental was exactly the amount due the defendant as compensation for the right to sell its products.

The case was tried by a jury, and a verdict and judgment were rendered for the defendant.

The assignments of error are directed to the refusal of the court to grant instruction A and to the granting of instruction 3.

Instruction 1 was granted without objection and became the law of the case. It was in this language: "The court instructs the jury that if they believe by a preponderance of the evidence that it was understood and agreed between the plaintiff and the defendant that no sums of money would actually become due and payable from defendant to plaintiff as rent on the premises which was the subject of the lease introduced in evidence, they shall find for the defendant."

This instruction was abundantly supported by the evidence. The testimony offered on behalf of the defendant disclosed that Odom leased the premises to Sinclair Refining Company for a rental of one cent a gallon for gasoline sold,

and it immediately installed its tanks, etc., and leased the premises back to Odom who operated the business; and that for the right to sell the products of the defendant Odom agreed to pay it one cent a gallon on the sales. Thus the debt due by the defendant to the plaintiff, Odom, was offset by the exact amount due by Odom to the defendant. Strong corroboration of these facts is found in the monthly statements sent Odom by the defendant for nearly two years in which Odom was charged with one cent a gallon on gasoline sold and credited by a like amount for the rentals due by the defendant. Odom never protested that these statements were incorrect or that they failed to disclose the true condition of the account between them.

The court properly refused instruction A offered by the plaintiff. This language of the instruction, "The court instructs the jury that the amount of the plaintiff's claim is conceded by the defendant to be correct," etc., was not only misleading but contrary to the facts. The defendants did not concede that the plaintiff's claim was correct. On the other hand it stoutly maintained that the plaintiff had no valid claim over and above the offset, and in this the jury and the trial court agreed.

Instruction 3, in effect, simply told the jury that whatever was due the plaintiff under the lease should be offset against what was due the defendant. This was not an instruction on implied contract for the value of the reasonable use as contended by the plaintiff. The instruction fixed the value of defendant's use of the premises at the exact amount as that due by the plaintiff to the defendant for the right to sell the products.

There is no assignment touching the sufficiency of the evidence. It so overwhelmingly sustains the verdict that the plaintiff, no doubt, concluded that such an assignment would have been futile.

The judgment is affirmed.

*Affirmed.*